UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIA H. POMALES,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Civil Action No.: 18-518 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Julia H. Pomales's petition for judicial review of a final decision issued on behalf of the Commissioner of the Social Security Administration ("Commissioner"), who denied her claim for disability insurance benefits. (ECF No. 1). After careful consideration of the administrative record, submissions made in support of, (ECF Nos. 8, 11, 13), and in opposition to, (ECF No. 12), the instant appeal, the Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court remands this matter for further proceedings consistent with this Opinion.

## I. BACKGROUND[1]

On September 16, 2014, Plaintiff filed an application for Social Security disability insurance benefits ("DIB") alleging an onset of disability of June 10, 2014. (R. at 242). Plaintiff

---

[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF Nos. 6 through 6-10.

alleged she was disabled as a result of a seizure disorder with impairment of consciousness, as well as depression, carotid artery stenosis, arthritis, lumbosacral spondylosis with radiculopathy, fibromyalgia syndrome, cervical disc disorder, migraines, asthma, and turgometric neuralgia cranial nerve. (R. at 160). Plaintiff's application was denied initially on January 21, 2015, (R. at 160–64), and denied again upon reconsideration on May 14, 2015, (R. at 166–70). Plaintiff appeared at a hearing before Administrative Law Judge Sharon Allard (the "ALJ") on April 6, 2017. (R. at 74–116). After conducting a five-step analysis, the ALJ determined that Plaintiff was ineligible for payment because she was not disabled within the meaning of the Social Security Act during the period in question. (R. at 34–49).

At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity for continuous 12-month period(s) during her alleged period of disability. (R. at 36–37). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: minor motor seizures, spine disorder, fibromyalgia, and affective disorders. (R. at 37). However, at step three, the ALJ determined that Plaintiff's combination of impairments did not meet or medically equal one of the listed impairments. (R. at 37–38). At step four, the ALJ found that Plaintiff has the residual functioning capacity ("RFC") to perform light work and to execute simple, routine tasks, with certain limitations requiring her to be off-task for ten percent of the work day. (R. at 38). At step five, with the help of a vocational expert, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including mail clerk, price marker, and cashier. (R. at 43–44).

On July 10, 2017, Plaintiff requested review of the ALJ's determination by the Appeals Council, (R. at 235–39), which the Appeals Council denied on December 5, 2017, (R. at 1–8). On January 12, 2018, Plaintiff filed this appeal. (ECF No. 1). Plaintiff argues that the ALJ erred at

step three by failing to find that Plaintiff's severe impairments meet the requirements for Listing 1.04A and Listing 12.07, as well as by failing to assess the combined effects of all of Plaintiff's impairments in the ALJ's Listing 12.04 analysis. (ECF No. 11 at 36–41). Plaintiff further argues that the ALJ erred at step four in failing to account for the effects of Plaintiff's carpal tunnel syndrome in the RFC determination. (ECF No. 11 at 41–44). For the reasons set forth below, this matter is remanded for further proceedings consistent with this Opinion.

## II. STANDARD OF REVIEW

This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Consequently, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

## III. ANALYSIS

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 416.1520. At step one, an ALJ assesses whether the claimant is currently performing substantial gainful activity. 20 C.F.R. § 416.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" physical or mental impairment or combination of impairments. 20 C.F.R. § 416.1520(a)(4)(ii). Absent such impairment, the claimant is not disabled. *Id.* Conversely, if the claimant has such an impairment, an ALJ proceeds to step three. *Id.* At step three, an ALJ evaluates whether the claimant's severe impairment either meets or is the equivalent of a listed impairment. 20 C.F.R. § 416.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* Otherwise, an ALJ moves on to step four, which involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000).

When determining RFC, an "ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman*

*v. Colvin*, 606 F. App'x 678, 679 (3d Cir. 2015) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an ALJ must provide the reason for providing more or less weight to the evidence. *See Fragnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.1520(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an ALJ proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* Notably, an ALJ typically seeks the assistance of a vocational expert at this final step. *Id.*

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings." *Id.* at 263 n.2 (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 n.5 (1987)). The Commissioner bears the burden of proof for the final step. *See id.* at 263.

### A. Listing 1.04A (Disorders of the Spine)

In order to meet the requirements of Listing 1.04A for disorders of the spine, a claimant must exhibit:

> [(1)] Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, [(2)] limitation of motion of the spine,

5

> [(3)] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [(4)] if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A. In the step three analysis, the ALJ wrote that "[s]pecific consideration has been given to the applicable sections of Section 1.00 (Muscoskeletal System) and 11.00 (Neurological System)," but did not walk through her reasoning explicitly with respect to the Listing 1.04A requirements at step three. (R. at 37). However, the ALJ conducted a thorough review of evidence relevant to the Listing 1.04A requirements in her RFC analysis at step four. (*See* R. at 38–43).

The ALJ considered Plaintiff's testimony that she suffered from seizures, as well as Plaintiff's complaints of neck and back pain. (R. at 39). However, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence." (R. at 40). For instance, the ALJ considered a September 2014 exam of Plaintiff by radiologist, Dr. James Charles. (R. at 41). Although the exam showed evidence of disc herniations and "cervical and lumbar spine tender points," Dr. Charles found "no evidence of cord compression" and "no evidence of spinal . . . cord or peripheral nerve pathology." (R. at 41). The ALJ also relied on Dr. Charles's finding that Plaintiff's "[g]ait and station [were] normal," and that Plaintiff's "[r]ange of motion of the cervical spine was . . . normal." (R. at 41). Furthermore, the exam revealed that Plaintiff's "[s]traight leg raising was negative, bilaterally." (R. at 41). The Court finds that "a reasonable mind might accept" this evidence as adequate in determining that Plaintiff's impairments did not meet or medically equal the requirements for Listing 1.04A, and therefore concludes that the ALJ's finding on this point is supported by substantial evidence. *Plummer*, 186 F.3d at 427.

## B. Listing 12.04 (Affective Disorders) and Combined Effects

Plaintiff also argues that the ALJ's step three analysis cannot be meaningfully reviewed because the ALJ failed to discuss the combined effects of Plaintiff's impairments. (ECF No. 11 at 41). At step three, the ALJ considered whether Plaintiff satisfied the criteria for Listing 12.04 for affective disorders. (R. at 37–38). Listing 12.04 requires satisfaction of the criteria in Paragraphs A and B or in Paragraphs A and C. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. The ALJ considered the criteria in Paragraphs B and C and concluded that the evidence failed to meet the criteria under either Paragraph. (R. at 37–38). The Paragraph B criteria are as follows:

> Extreme limitation of one, or marked limitation of two, of the following areas of functioning []:
>
> 1. Understand, remember, or apply information [].
> 2. Interact with others [].
> 3. Concentrate, persist, or maintain pace [].
> 4. Adapt or manage oneself [].

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. An extreme limitation means the inability "to function independently, appropriately, effectively, and on a sustained basis," and a marked limitation means that "functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(F)(2)(d)–(e). The ALJ determined that Plaintiff had only mild limitations in "understanding, remembering, or applying information," "interacting with others," and "adapting or managing" herself, (R. at 37–38), but that she exhibited moderate limitations in "concentrating, persisting, or maintaining pace." (R. at 38).

If a claimant has a "combination of impairments," the ALJ must consider whether that "combination of impairments is medically equivalent to [a] listing. 20 C.F.R. § 404.1526(b)(3). At step two, the ALJ found that Plaintiff suffered from a combination of both mental and physical impairments—namely, minor motor seizures, spine disorder, fibromyalgia, and affective

7

disorders. (R. at 37). However, in considering whether Plaintiff satisfied the requirements for Listing 12.04, the ALJ explicitly found that "the severity of [Plaintiff's] *mental* impairment does not meet or medically equal the criteria of listing 12.04." (R. at 37 (emphasis added)). Likewise, the ALJ concluded that, "[b]ecause [Plaintiff's] *mental* impairment does not cause" the limitations required by Paragraph B, those criteria were not satisfied. (R. at 38 (emphasis added)). As the Commissioner correctly points out, the ALJ introduces her step three analysis by stating generally that "[t]he record fails to establish that [Plaintiff] has an impairment or combination of impairments that meets or medically equals the criteria of any listed impairment." (R. at 37). However, the ALJ also expressly limited her consideration of the Paragraph B criteria to the effects only of Plaintiff's *mental* impairment and cited exclusively to evaluations by Plaintiff's psychiatrists and psychologists in support of her conclusions, without discussing evidence from other physicians. (R. at 37–38).

Therefore, it is not clear to the Court whether the ALJ also considered the effects that Plaintiff's *physical* impairments have, in combination with the effects of her mental impairment, on the abilities that require analysis under Listing 12.04. In particular, the ALJ should have explicitly considered whether Plaintiff's motor seizures, spine disorder, and fibromyalgia—all of which the ALJ classified as severe impairments—further limited her abilities to understand, remember or apply information, interact with others, concentrate, persist, or maintain pace, or adapt or manage herself, such that, when considered together with the effects of her affective disorder, two or more of the Listing 12.04 criteria were markedly limited, or one criterion was extremely limited. *See Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 152 (3d Cir. 2008) (instructing the ALJ on remand to consider the effects of all mental and physical impairments, including "back problems" and "depression," in combination); *Brennan v. Comm'r of Soc. Sec.*,

No. 17-4259, 2018 WL 5294516, at *4 (D.N.J. Oct. 25, 2018) (remanding where the ALJ failed to consider Plaintiff's physical impairments in Listing 12.04 analysis); *Bierilo v. Comm'r of Soc. Sec.*, No. 13-1183, 2014 WL 1883681, at *3 (D.N.J. May 12, 2014) (remanding where the ALJ "failed to consider the total effect of Plaintiff's mental impairments and physical impairments combined" in Listing 12.04 analysis); *cf. Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003) (noting that the "ALJ's failure to consider expressly the combined effect of [the plaintiff's] asthma and depression on his ability to engage in gainful employment is potentially troubling," but determining that the error was harmless given evidence that the plaintiff's depression was not severe).

Furthermore, the Court cannot conclude that the ALJ's failure to consider Plaintiff's severe physical impairments in this context was harmless. The record contains evidence that, as a result of Plaintiff's physical impairments, she experiences symptoms—including seizures, neck and back pain, memory loss, migraines, numbness and tingling, and limited range of neck motion—that could conceivably increase her limitations in the Paragraph B criteria. (*See* R. at 39–42). If the ALJ had considered the *totality* of Plaintiff's impairments, she could foreseeability find two marked or one extreme limitation as required by Listing 12.04. *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 & n.3 (3d Cir. 2009) (vacating and remanding where ALJ's decision did not discuss the combined effects of the plaintiff's impairments and noting that "absent analysis of the cumulative impact" of all impairments, "we are at a loss in our reviewing function"). On remand, the ALJ should also consider the Listing 12.04 Paragraph A criteria in light of these instructions.

## IV. CONCLUSION

For the aforementioned reasons, the Court remands this matter for further proceedings that are consistent with this Opinion. An appropriate Order accompanies this Opinion.

DATED: April 24th, 2019

JOSE L. LINARES
Chief Judge, United States District Court